UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 682 HEALTH AND WELFARE, TRUST FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:09-CV-1199 (CEJ) ) |
| TODAY'S TRUCKING, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' second motion for default judgment pursuant to Rule 55, Fed. R. Civ. P.

### I. Background

Plaintiffs, an employee-benefit fund and its trustees, allege that defendant has failed to submit contributions owed for hours worked by employees pursuant to the parties' collective bargaining agreement (CBA). Plaintiffs seek recovery under the Employee Retirement Income Security Act (ERISA), which provides that employers shall make contributions when required by the terms of a CBA. 29 U.S.C. § 1145.

The record indicates that a summons and copy of the complaint was personally served upon Robert Wallace, defendant's registered agent, on September 27, 2009. (Doc. #3). Plaintiffs filed an amended complaint on September 8, 2010. Counsel for plaintiffs has submitted an affidavit stating that he sent defendant a copy of the amended complaint by certified mail on September 8, 2010. (Doc. #9-1). Defendant has not answered or filed any responsive pleadings in this matter and the Clerk of the Court entered default against defendant on November 3, 2010. (Doc. #12).

Plaintiffs filed their first motion for default judgment on November 1, 2010. Finding the record insufficient to support the amount of damages claimed by plaintiffs, the Court ordered plaintiff to supplement their motion for default judgment on December 14, 2010. On April 18, 2011, the Court denied plaintiffs' motion for default judgment without prejudice as still deficient. On May 16, 2011, plaintiffs filed a second motion for default judgment. Attached to plaintiffs' motion is a revised affidavit by Tina Pannier[1] that further explains the basis for plaintiffs' damages calculations. (Doc. #16). Plaintiffs have also submitted an additional memorandum explaining the amount of interest and interest in lieu of liquidated damages that plaintiffs request. (Doc. #17).

II. **Legal Standard**

"[E]ntry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." United States v. $345,510.00 in U.S. Currency, 2002 WL 22040 at *2 (D. Minn. 2002). Default judgments are not favored in the law. United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir.1993). Whether to grant default judgment is a separate question within the discretion of the Court. See Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996). In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. See Everyday Learning Corp. v. Larson, 242 F.3d 815, 818

---

[1]Tina Pannier is an administrator for the plaintiff-trust-fund.

(8th Cir. 2001); Stephenson v. El-Batrawi, 524 F.3d 907, 916-17 (8th Cir. 2008) (district court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" is insufficient. Id. at 917).

### III. Discussion

Taking the allegations in their complaint as true, plaintiffs have established that defendant was bound by the CBA submitted by plaintiffs during the period from April 1, 2004 through June 30, 2007. They have also established that defendant breached the CBA by failing to submit contributions owed for the same period. Consistent with ERISA, the CBA provides for liquidated damages, fees and costs associated with these unpaid contributions as well as a right to examine defendant's payroll records. 29 U.S.C. § 1132(g)(2). Having determined that plaintiffs are entitled to default judgment based upon their amended complaint, the Court must next examine whether they have submitted sufficient evidence to show they are entitled to the amount of damages they seek. Stephenson, 524 F.3d at 916-17.

The Court denied plaintiffs' first motion for default judgment due to several evidentiary shortcomings that prevented the Court from determining whether the amounts requested by plaintiffs were reasonable. (Doc. #15). Specifically, the Court noted in its April 18, 2011 order that plaintiffs had failed to provide any evidence explaining how the weekly-contribution rate provided for in the parties' CBA was determined. The Court also noted that plaintiffs had not explained the damages amounts claimed for pre-judgment interest and interest in lieu of liquidated damages. Finally, the Court directed plaintiffs to include a memorandum in support of any future motion for default judgment pursuant to Local Rule 4.01(A).

The additional memoranda and affidavit submitted by plaintiffs in support of their second motion for default judgment have addressed these deficiencies and the Court finds that plaintiff is entitled to the damages requested in their second motion for default judgment. The revised affidavit by Tina Pannier, attached to plaintiffs' second motion for default judgment, explains that the weekly-contribution rate owed by defendant for any unreported hours is set by plaintiffs at their discretion through notices issued periodically to employers that are parties to the CBA. (Doc. #16-1). This explanation is not inconsistent with the terms of the parties' CBA. (Doc. #1-3 and 1-4). Plaintiffs have also submitted a spreadsheet indicating the amount of contributions owed by defendant on a week-by-week basis as determined by a payroll audit performed by the firm Wolfe Nilges Nahorski, P.C. at plaintiffs' request. (Doc. #10-3 and 14). The amount of damages requested by plaintiffs for unpaid contributions-- $2,485.58--is supported by these calculations and is consistent with the terms of the CBA. (Doc. #1-3). The amount damages for interest on the unpaid contributions--$223.70--is also in accordance with the parties' CBA and the payroll audit calculations submitted by plaintiffs. (Doc. #19-5).

Next, plaintiffs request that the Court award an additional $223.70 in lieu of liquidated damages based upon 29 U.S.C. § 1132(g)(2). (Doc. No. 19-5 and 20-2). Section 1132(g)(2)(c) provides that, in addition to unpaid contributions and interest, the Court shall award "an amount equal to the greater of-- (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent." As such, plaintiffs are entitled to an additional award equal to the amount of interest owed on the contributions owed by defendant and the total

amount of damages owed to plaintiffs equals $2,932.98 ($2,485.58+$223.70 +$223.70).

Finally, plaintiffs request that the Court award them attorneys' fees in the amount of $2,187.00 and costs in the amount of $475.92. Plaintiffs have submitted an affidavit by their attorney, Daniel McLaughlin, that indicates that his firm expended 16.2 hours on this matter. (Doc. #10-1). This amount does not include any time spent to remedy the deficiencies the Court found in plaintiffs' original motion for default judgment. Id. The McLaughlin affidavit further states that his hourly rate is $135.00 per hour and that plaintiffs have incurred expenses in the amount of $475.9 for the cost of filing, copies, postage, and service. Id. The Court finds that the amount of attorneys' fees requested by plaintiffs is reasonable in light of the nature and amount of work performed in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #16] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of October, 2011.